IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDE GONZALES,

        Plaintiff,

v.                                                                     No. CIV-14-0249 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum (Doc. 15)*, filed September 24, 2014 (hereinafter "motion"). On November 24, 2014, Defendant filed a response to the motion [*Doc. 17*], and, on December 8, 2014, Plaintiff filed a reply [*Doc. 18*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 4* and *6*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 11*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I. Procedural History

On July 30, 2009, Plaintiff filed applications for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI"), respectively, alleging that he became disabled on October 20, 2008. [*Doc. 11-7* at 4-7 and 8-14, respectively]. Plaintiff stated that he became disabled due to: chronic vertigo, disequilibrium, arthritis in hip and knees, depression, esophagus, and aneurism in brain. [*Doc. 11-8* at 6]. Both of these applications were denied at the initial level on March 17, 2010 (*see Doc. 11-2* at 1 and *Doc. 11-5* at 29-30),[1] and each application was denied at the reconsideration level on July 27, 2011 (*id.* at 6-8 and 9-12, respectively). Pursuant to Plaintiff's request (*id.* at 13-14), Administrative Law Judge Ann Farris (hereinafter "ALJ") conducted a hearing on February 26, 2013. [*Doc. 11-3* at 29-58]. At the hearing, Plaintiff was present, was represented by an attorney, and testified. *Id.* at 31, 35-52. In addition, Vocational Expert (hereinafter "VE"), Thomas Greiner, appeared via telephone and testified. *Id.* at 31, 52-57.

On March 14, 2013, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled. [*Doc. 11-3* at 17-28]. Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 12), and, on March 14, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 14-16), which made the ALJ's decision the final decision of the Commissioner. On March 14, 2014, Plaintiff filed his complaint in this case. [*Doc. 1*].

---

[1] The index of the administrative record states that Exhibit Nos. 9B and 10B are in lieu of the notices of disapproved claims for Plaintiff's DIB and SSI applications. *See* [*Doc. 11-2* at 1]. However, Exhibits 9B and 10B in the administrative record are identical and appear to be only the notice of denial of Plaintiff's DIB application. *See* [*Doc. 11-5* at 29-30].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted). While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*,

3

489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."   20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on October 15, 1959.  [*Doc. 11-7* at 4].  Plaintiff has held the following jobs: carpenter, housekeeper, laborer, laundry room operator, roofer and stocker.  [*Doc. 11-8*

at 7]. Plaintiff alleges that he is unable to work due to: chronic vertigo, disequilibrium, arthritis in hip and knees, depression, esophagus, and aneurism in brain. *Id.* at 6. Plaintiff's medical records include: a Disability Determination Examination by Harry Burger, DO, dated January 16, 2010 (*Doc. 11-17* at 33-36); a consultative examination by Steven K. Baum, Ph.D., dated January 23, 2010 (*id.* at 38-40); a Physical Residual Functional Capacity Assessment by Eileen M. Brady, M.D., dated March 11, 2010 (*id.* at 42-49); two Psychiatric Review Techniques, one by Scott R. Walker, M.D., dated March 17, 2010 (*id.* at 50-63), and one by Elizabeth Chiang, M.D., dated March 16, 2011 (*Doc. 11-24* at 2-15); two Mental Residual Functional Capacity Assessments, one by Scott R. Walker, M.D., dated March 17, 2010 (*Doc. 11-17* at 64-67), and one by Elizabeth Chiang, M.D., dated March 16, 2011 (*Doc. 11-23* at 41-44); three Case Analyses, each by Edward S. Bocian, M.D., one dated March 5, 2011 (*id.* at 39-40), one dated May 9, 2011 (*Doc. 11-30* at 17), and one dated July 17, 2011 (*id.* at 22); a Medical Opinion re: Ability to do Work-Related Activities by Elizabeth Toman, M.D., dated May 19, 2011 (*id.* at 18-21); and a Medical Impairment Questionnaire by Jolanta Gurdek, M.D., dated January 20, 2012 (*Doc. 11-37* at 2-4). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of October 20, 2008. [*Doc. 11-3* at 19]. At step two, the ALJ found that Plaintiff has the following severe impairments: vertigo, cocaine and alcohol abuse, anxiety, depression, and status post right knee arthroscopy. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* at 20.

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff "must use a cane when walking; he must avoid hazards; and he is limited to simple and some detailed, but no complex tasks." *Id.* at 21.   Plaintiff is further limited to "occasional superficial interaction with the public and co-workers." *Id.*   In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments might be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* at 22.   The ALJ stated that the medical evidence does not support the severity of Plaintiff's allegations of disabling conditions and symptoms, and that Plaintiff's "subjective complaints far exceed objective clinical findings." *Id.* at 24.   The ALJ found that Plaintiff's ability to participate in daily activities undermined the credibility of his allegations of disabling functional limitations. *Id.* at 25.   The ALJ stated that she gave "only partial weight" to the opinions of Dr. Toman and Dr. Gurdek, stating that "their conclusions have very little probative value," that they "apparently relied quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff,]" and that their opinions "are also inconsistent with [Plaintiff's] admitted activities of daily living." *Id.* at 25.   The ALJ stated that she gave "great weight" to the opinions of the state agency medical consultants.   *Id.*   At step four, the ALJ found that Plaintiff is unable to perform any of his past relevant work, so the ALJ proceeded to the fifth step.   *Id.* at 26.

At the fifth and final step, the ALJ noted that Plaintiff was born on October 15, 1959, so he was 49 years old on the alleged disability onset date, which is defined as a younger individual.   *Id.* The ALJ noted that Plaintiff has at least a high school education and is able to communicate in English.   *Id.*   The ALJ stated that "[t]ransferability of job skills is not material to the

6

determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills." *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 26-27. The ALJ stated that she asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the requirements of representative occupations such as the following: cafeteria attendant, presser (hand), and bakery worker (conveyor line). *Id.* at 27. The ALJ stated that "[a]lthough the [VE's] testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy," that the Dictionary of Occupational Titles "does not address one handed or hand dominance," and that the ALJ "rel[ies] on the expertise of the [VE]." *Id.* The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V.   Analysis

In his motion to reverse or remand, Plaintiff contends that the ALJ erred in her RFC assessment by failing to properly consider the opinions of Dr. Gurdek, Dr. Toman and the opinions of the state agency physicians (*Doc. 15* at 5-25), and by failing to include all of Plaintiff's limitations and conduct a function-by-function analysis (*id.* at 26). In response, Defendant argues that the ALJ properly considered the opinion evidence in the record and did not err in her RFC determination. [*Doc. 17* at 10-16].

7

### A.   The ALJ's Consideration of the Opinions of Dr. Gurdek and Dr. Toman

Plaintiff first contends that the ALJ erred by failing to properly consider the opinions of Dr. Gurdek, who is Plaintiff's treating psychiatrist, and Dr. Toman, who is Plaintiff's treating physician.  [*Doc. 15* at 5-13].  Plaintiff contends that the ALJ failed to state whether Dr. Gurdek's opinions were supported by the evidence in the record, and that the ALJ gave insufficient reasons for her rejection of Dr. Gurdek's opinions.  *Id.* at 7-8.  Plaintiff also contends that the ALJ's rejection of Dr. Gurdek's opinions is in error because evidence from other providers supports Dr. Gurdek's opinions.  *Id.* at 10-13.  With regard to Dr. Toman, Plaintiff contends that the ALJ failed to determine whether her opinions were supported by her treatment records and other evidence in the record.  *Id.* at 14 and 17.  In response, Defendant states that "the ALJ reasonably declined to rely on [the opinions of Dr. Gurdek and Dr. Toman] because they relied 'quite heavily' on Plaintiff's subjective complaints," and that "[t]he ALJ properly elected to accord no more than 'partial' weight to Dr. Toman's and Dr. Gurdek's opinions."  [*Doc. 17* at 10].  In reply, Plaintiff notes that this Court has consistently found that ALJ Farris has failed to properly weigh treating physician evidence, citing eleven cases from this Court finding legal error in ALJ Farris' consideration of treating physicians' opinions.  [*Doc. 18* at 2-3, n.1].

When "evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."  *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007).  First, the ALJ "should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record."  *Pisciotta*, 500 F.3d at 1077 (citations omitted).  If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight."  *Id.*  If,

8

however, "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* When a treating physician's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length of treatment and frequency of examination, and the nature and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's specialization in the medical field upon which an opinion is given; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citations and internal quotation marks omitted).

Here, the ALJ found that Plaintiff has the RFC to perform light work, except that Plaintiff: must use a cane when walking; must avoid hazards; is limited to simple and some detailed, but no complex, tasks; and is limited to occasional superficial interaction with the public and co-workers. [*Doc. 11-3* at 21]. The ALJ's RFC determination, however, includes no limitations encompassing Dr. Gurdek's findings regarding Plaintiff's mental impairments, *e.g.*, that Plaintiff has marked limitations in maintaining attention and concentration for extended periods; and moderate limitations in remembering locations and work-like procedures; understanding, remembering, and carrying out very short and simple instructions; performing activities within a

schedule, being punctual, maintaining regular attendance; making simple work-related decisions; accepting instructions and responding appropriately to criticism from supervisors; and maintaining socially appropriate behavior and adhering to basic standards of neatness or cleanliness. *See* [*Doc. 11-37* at 3-4]. The RFC determination also does not include Dr. Toman's findings that Plaintiff is unable to lift more than 10 pounds frequently due to balance and back pain, is only able to stand and walk less than 2 hours in an 8-hour workday, is only able to sit less than 2 hours in an 8-hour workday and for no more than 15 minutes at a time before needing to change position, can never twist, stoop, bend, crouch, climb, kneel, crawl, or balance, and has limitations in his ability to reach, handle, finger and feel due to dizziness. *See* [*Doc. 11-30* at 18-19]. The ALJ stated that she gave "only partial weight" to the opinions of Dr. Toman and Dr. Gurdek, stating that "their conclusions have very little probative value," that they "apparently relied quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff,]" and that their opinions "are also inconsistent with [Plaintiff's] admitted activities of daily living." [*Doc. 11-3* at 25]. The Court finds that the ALJ's treatment of the opinions of Dr. Gurdek and Dr. Toman constitutes legal error because the ALJ fails to state whether these doctors' opinions are inconsistent with the medical evidence in the record. In addition, the ALJ's statement that she gave these doctors' opinions "only partial weight" does not explain which portions of their opinions were relied upon or how much weight those opinions were given. Therefore, the ALJ failed to provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight," which is legal error. *Hamlin*, 365 F.3d at 1215; *see also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.") (citation omitted); *see also Clifton v. Chater,*

10

79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"). For these reasons, the Court finds that the ALJ erred in her consideration of the opinions of Dr. Gurdek and Dr. Toman and, on remand, should consider these doctors' opinions in accordance with the holdings in *Krauser* and *Pisciotta*.

In addition, the Court notes with concern the footnote on pages 2 and 3 of Plaintiff's reply brief [*Doc. 18*] pointing out that there have been at least **eleven cases**, in this Court alone, in which ALJ Farris has been found to have improperly evaluated treating physicians' opinions. While ALJ Farris may have reached the correct decision in each of these cases, the Court was required to remand because ALJ Farris failed to follow the required analysis for consideration of medical records. In light of ALJ Farris' ongoing failure to follow the proper procedures for consideration of treating physicians' opinions, the Court directs the Commissioner, on remand, to provide ALJ Farris with a copy of this opinion in the hope that she will follow these requirements in the future.

### B. The ALJ's Consideration of the Opinions of the State Agency Physicians

Next, Plaintiff contends that the ALJ erred in her consideration of the opinions of state agency consultants Dr. Burger, Dr. Baum, Dr. Walker, and Dr. Chiang. [*Doc. 15* at 22-25]. Plaintiff contends that the ALJ erred by failing to properly address Dr. Burger's findings that Plaintiff has vertigo, disequilibrium, a positive Romberg sign,[2] a fine tremor, and an unsteady gait. *Id.* at 22 (citing *Doc. 11-17* at 36). Plaintiff contends that the ALJ erred by failing to address

---

[2] A Romberg test may demonstrate that the individual's postural position sense is affected when he or she cannot stand with feet together and eyes closed. *See Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 1640.

Dr. Baum's diagnosis that Plaintiff has schizophrenia, assignment of a GAF score of 40,[3] and marked and moderate limitations in his abilities relating to understanding and remembering, sustained concentration and task persistence, and adaptation. [*Doc. 15* at 23-24] (citing *Doc. 11-17* at 39-40). With regard to the opinions of Dr. Walker and Dr. Chiang, Plaintiff contends that their conclusions regarding Plaintiff's abilities are inconsistent with their findings of moderate impairments in the areas of sustained concentration and persistence, social interactions, and adaptation. [*Doc. 15* at 24-25] (citing *Doc. 11-17* at 64-66 and *Doc. 11-23* at 41-43). Plaintiff further contends that the ALJ erred by failing to address Dr. Walker's and Dr. Chiang's findings of moderate limitations in her RFC determination. [*Doc. 15* at 25]. In response, Defendant contends that Plaintiff's claim regarding the state agency physicians' opinions is improperly asking the Court to re-weigh the evidence. [*Doc. 17* at 12-13].

The findings of state agency medical or psychological consultants are not binding on an ALJ; however, they are medical opinion evidence which an ALJ must consider, except as to the ultimate determination of whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Here, the ALJ assigned great weight to the opinions of three state agency consultants -- Dr. Brady's Physical RFC Assessment, Dr. Chiang's Mental RFC Assessment, and Dr. Chiang's Psychiatric Review Technique. [*Doc. 11-3* at 25] (citing *Doc. 11-17* at 42-49, *Doc. 11-23* at 41-44, and *Doc. 11-24* at 2-15). However, the ALJ failed to explain why she rejected the findings of Dr. Burger, Dr. Baum, Dr. Walker and Dr. Chiang that conflict with the ALJ's RFC determination. Specifically, the ALJ's RFC determination does not account for Dr. Burger's findings regarding Plaintiff's vertigo, disequilibrium, positive Romberg sign, fine

---

[3] The Global Assessment of Functioning (hereinafter "GAF") score is a measurement of the clinician's judgment of an individual's psychological, social and occupational functioning, and should not include impairment in functioning due to physical or environmental limitations. DSM-IV-TR at 32. A GAF score within the range of 31-40 indicates "[s]ome impairment in reality testing or communication," or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." *Id.* at 34.

12

tremor, and unsteady gait; Dr. Baum's diagnosis of schizophrenia and a GAF score of 40; or the findings of Dr. Baum, Dr. Walker, and Dr. Chiang of marked and/or moderate limitations in Plaintiff's abilities relating to understanding and remembering, sustained concentration and task persistence, and adaptation. Since these findings are not accounted for in the ALJ's RFC determination, and the ALJ failed to explain why she rejected them, the Court finds that the ALJ erred with regard to her consideration of the evidence from these state agency physicians. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (explaining that an ALJ must explain why even moderate limitations are rejected when they conflict with the ALJ's RFC assessment); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (explaining that an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence") (citation and internal quotation marks omitted), and Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Court, therefore, instructs the ALJ that, on remand, the ALJ shall either incorporate these findings into Plaintiff's RFC assessment, or sufficiently explain why they are rejected.

### C.   Plaintiff's Remaining Claims

Plaintiff's remaining claims are that the ALJ erred in her RFC determination because: (1) the ALJ failed to include limitations on Plaintiff's abilities to interact with supervisors, his need to change position at will, and his inability to sustain concentration for at least two hours, and (2) the RFC did not provide a function-by-function analysis related to mental functioning. [*Doc. 15* at 26]. Because the Court finds that Plaintiff's case should be remanded for further consideration of the opinions of Dr. Gurdek, Dr. Toman, Dr. Burger, Dr. Baum, Dr. Walker and

Dr. Chiang, Plaintiff's RFC may be amended on remand to address these limitations, so the Court finds that it is unnecessary to reach Plaintiff's remaining claims regarding the RFC determination. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).   The Court directs the ALJ on remand to include in Plaintiff's RFC determination all limitations that are supported by the record.

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the opinions of Dr. Gurdek, Dr. Toman, Dr. Burger, Dr. Baum, Dr. Walker and Dr. Chiang, as set forth above.  To the extent Plaintiff is asking the Court to reverse the Commissioner's decision and enter an immediate award of benefits (*see Doc. 15* at 27), the Court will deny such a request because the Court finds that it is not clear from the record in this case that Plaintiff should be found to be disabled, and additional fact finding consistent with this opinion would be useful in making that determination.   *Cf. Dollar v. Bowen*, 821 F.2d 530, 535-36 (10th Cir. 1987) (holding that reversal was appropriate because additional fact finding would serve no useful purpose where the claimant was disabled as a matter of law, had been attempting to obtain benefits for six years, and "further administrative proceedings would only further delay the appropriate determination and award of benefits").

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum (Doc. 15)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**