IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDE GONZALES,

      Plaintiff,

v.                                    No. CIV-14-0249 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

# ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 22)*, filed July 1, 2015. The Commissioner filed a response to the motion on July 31, 2015 [*Doc. 25*], and Plaintiff filed a reply on August 4, 2015 [*Doc. 26*]. In his motion, Plaintiff asks the Court to award his counsel attorney fees in the amount of **$8,543.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 22* at 1]. The Commissioner states that she does not oppose paying reasonable EAJA fees in this case; however, she contends that "Plaintiff has not met his burden of establishing that all of the attorney hours claimed in the case were reasonable" (*Doc. 25* at 2), and asks the Court to, therefore, reduce the amount of Plaintiff's EAJA fee award to $6,000.00 (*id.* at 4). The Commissioner also contends that any award of attorney fees under EAJA should be made payable to Plaintiff as the prevailing party, not his counsel. *Id.* Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

The Commissioner contends that Plaintiff's fee request is excessive because this case "was somewhat routine in the overall context of social security disability litigation with no unusual, seldom seen issues," and "did not involve any oral argument or other Court hearings on the merits." [*Doc. 25* at 3]. The Commissioner states that Plaintiff's counsel are experienced disability litigation attorneys that should not have required so much time to complete the opening brief in this case. *Id.* In her reply, Plaintiff's counsel contends that this case was not routine "because the Administrative Record contained 1412 pages, which is at least three times the size of most Social Security disability appeal records." [*Doc. 26* at 1-2]. Plaintiff's counsel further states that she reviews every page of the administrative record, and her review of the record in this case "accounted for approximately 8 hours more than are expended in a case with a normal number of medical records." *Id.* at 2.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise billing judgment regarding the amount of hours actually billed. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *See id.* The Court has a corresponding obligation to exclude hours not reasonably expended from the calculation. *See id.*

Here, almost all of the 44.97 combined hours of fees requested by Plaintiff's counsel were spent reviewing the administrative record and drafting the briefs. *See* [*Doc. 22-2* at 1-2].[1] The administrative record in this case, at over 1400 pages, was longer than in most Social Security disability appeals. In addition, Plaintiff raised several claims, including that the ALJ failed to properly consider the opinions of several doctors and failed to include all of Plaintiff's limitations in the ALJ's RFC determination. *See* [*Doc. 20* at 7]. The Court notes that EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C); *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings"). The Commissioner does not allege, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter. In addition, the Court finds that the time expended by Plaintiff's counsel reviewing the administrative record and briefing this case was reasonable. For these reasons, the Court will deny the Commissioner's request to reduce Plaintiff's request for attorney fees.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*

---

[1] The Court notes that some of the time requested by Plaintiff's counsel is for purely clerical work, such as filing and calendaring, which is not compensable under EAJA. *See Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA fees petition to district court to determine *inter alia* which billings are "clerical rather than legal") and *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and, therefore, is not compensable under EAJA.). However, because the Commissioner does not ask the Court to reduce Plaintiff's fees for this reason, and because Plaintiff's counsel has requested less than one hour of fees for these types of tasks (*see Doc. 22-1* at 1 and *Doc. 22-2* at 1-2), the Court declines to reduce Plaintiff's fee request in this case. The Court cautions counsel for Plaintiff, however, to ensure that requests for fees for these types of tasks are not made in the future.

*(Doc. 22)* is **GRANTED**, and Plaintiff is authorized to receive **$8,543.00** in attorney fees for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**