IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDE GONZALES

        Plaintiff,

v.                                                               CIV No. 14-249 LAM

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SECTION 406(b) FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum* (*Doc. 29*) (hereinafter "motion"), filed February 27, 2017, requesting attorney fees in the amount of $13,874.95. On April 10, 2017, Defendant filed an untimely response to the motion, stating that "the Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions. To the extent the Court requires a response, the Commissioner has no objection to the petition in this case." [*Doc. 30* at 1]. Having considered the motion, the response, the relevant law, and the record in this case, and being otherwise fully advised, the Court finds that the motion should be **GRANTED**.

Plaintiff filed his complaint in this action on March 14, 2014 (*Doc. 1*) and his motion to reverse and remand (*Doc. 15*) on September 24, 2014. Defendant filed a response to the motion to remand on November 24, 2014 (*Doc. 17*). Plaintiff filed a reply in support of the remand motion on December 8, 2014. [*Doc. 18*]. On April 2, 2015, the Court granted Plaintiff's motion

and remanded the case to the Commissioner for further proceedings. [*Doc. 20*]. On July 1, 2015, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amount of $8,543.00. [*Doc. 22*]. After one unopposed motion to extend the filing deadline (*Doc. 23*), Defendant filed a response to the EAJA motion on July 31, 2015, opposing it on the ground that the fee requested was "excessive in total." (*Doc. 25* at 1). After two unopposed motions to extend the filing deadline (*Docs. 32* and *34*), Plaintiff filed a reply in support of his motion on July 15, 2016 (*Doc. 36*). On August 4, 2015, Plaintiff filed a reply in support of his EAJA motion (*Doc. 26*), which was granted by this Court on August 14, 2015, in the amount requested (*Doc. 28*).

On June 3, 2016, Plaintiff received a fully favorable decision from the Social Security Administration (hereinafter, "SSA"). [*Doc. 29-1* at 1]. A June 19, 2016 "Notice of Award" indicates that Plaintiff's "past-due Social Security benefits are $79,499.80 for the period from April 2010 through May 2016. [*Doc. 29-2* at 16]. The notice also indicates that 25% of the past-due benefits, or $19,874.95, had been withheld from Plaintiff's benefits for payment of his counsel, and that the SSA had approved the fee agreement between Plaintiff and his lawyer that entitled counsel to $6,000.00 for his work on Plaintiff's behalf before the agency. *Id*. at 15-16. That amount would be paid from the withheld amount, leaving a balance of $13,874.95. *Id*. at 16.

Pursuant to 42 U.S.C. § 406(b), and a prior contingent fee agreement with Plaintiff (*Doc. 29-2* at 5), Plaintiff's counsel now requests attorney's fees in the amount of $13,874.95, the remainder of the balance withheld by the SSA, for time spent representing Plaintiff before this Court. [*Doc. 29* at 1]. Together, the award of a $6,000.00 fee by the SSA pursuant to § 406(a), and the $13,874.95 fee requested from this Court pursuant to § 406(b), total $19,874.95, which is 25% of the past-due benefits awarded to Plaintiff by the SSA.

Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand to the Commissioner. *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]"). The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable. *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008). Additionally, an attorney's fee award under § 406(b) for court representation may not exceed twenty five percent of the past-due benefits awarded to Plaintiff, and is payable "out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A).

Here, the fee requested by Plaintiff's counsel under Section 406(b), *i.e.*, $13,874.95, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff. The record indicates that Plaintiff's counsel provided quality representation to Plaintiff, was not responsible for any delay in the resolution of this matter, and expended at least 41.8 hours representing Plaintiff before this Court. *See* [*Doc. 29-2* at 3-4]. The record further indicates that Plaintiff and his counsel entered into a contingent fee agreement that provides that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court. *Id.* at 5. The Court finds that the amount of past-due benefits awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent on the case"). In addition, the Court finds that there has been no

undue delay in the filing of this motion for Section 406(b)(1) fees, and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits. *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.") (citation omitted). The Commissioner's decision awarding past-due benefits was issued June 19, 2016, and this motion was filed February 27, 2017, which the Court finds reasonable. *See id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound discretion") (citation omitted); *see also Early v. Astrue,* No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a fifteen-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable). Finally, the Court finds that the attorney's fees in the amount of $13,874.95 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) are reasonable.

Because the amount of the attorney's fees awarded Plaintiff pursuant to the EAJA, *i.e.*, $8,543.00, was smaller than the amount of the attorney's fees to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $13,874.95, the amount of the EAJA fees must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum (Doc. 29)* is **GRANTED** and Plaintiff's counsel is awarded attorney's fees in this matter in the amount of **$13,874.95**, pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that, upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the amount of attorney's fees previously awarded in this matter under the EAJA, in the amount of **$8,543.00**.

**IT IS SO ORDERED.**

*[signature]*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**